IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § | |
| vs. | § § § § | CASE NO. 6:15-CR-62-JDK |
| TRAVION BLACK (5) | § § | |

**REPORT AND RECOMMENDATION**
**ON REVOCATION OF SUPERVISED RELEASE**

On December 2, 2021, the Court held a final revocation hearing on a Petition for Warrant or Summons for Offender under Supervision. The Government was represented by Assistant United States Attorney Allen Hurst. Defendant was represented by Matt Millslagle.

*Background*

After pleading guilty to the offense of Conspiracy to Possess with Intent to Distribute Methamphetamine, a Schedule II Controlled Substance, a Class C felony, Defendant Travion Black was sentenced on September 14, 2016 by United States District Judge Michael H. Schneider. The offense carried a statutory maximum imprisonment term of 20 years. The guideline imprisonment range, based on a total offense level of 25 and a criminal history category of IV, was 84 to 105 months. Defendant was sentenced to 66 months of imprisonment pursuant to a binding plea agreement, followed by a 3-year term of supervised release. Defendant's supervision is subject to the standard conditions of release, plus special conditions to include financial disclosure, testing and treatment and a $100 special assessment.

The case was re-assigned to United States District Judge Jeremy D. Kernodle on February 5, 2019. Defendant completed his term of imprisonment and started his term of supervised release on September 18, 2020.

1

*Allegations*

In the First Amended Petition seeking to revoke Defendant's supervised release, filed on August 18, 2021, United States Probation Officer Ben Sanders alleges that Defendant violated the following condition of supervised release:

1. **Allegation 1 (standard condition 2):  The defendant shall report to the probation officer in a manner and frequency directed by the Court or probation officer.**  It is alleged that Defendant failed to submit written monthly reports for the months of October, November, December 2020 and January 2021.

2. **Allegation 2 (standard condition 7):  The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician.**  It is alleged that Defendant submitted urine specimens at the U.S. Probation Office on November 18, 2020 and January 28, 2021 that tested positive for methamphetamine.

3. **Allegation 3 (standard condition 11):  The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer.**  It is alleged that Defendant failed to report law enforcement contact that occurred on December 23, 2020 until questioned by the U.S. Probation Office on January 28, 2021.

4. **Allegation 4 (special condition):  The defendant shall participate in a program of testing and treatment for drug abuse, under the guidance and direction of the U.S. Probation Office until such time as the defendant is released from the program by the probation officer.  The defendant shall pay any cost associated with treatment and testing.**  It is alleged that Defendant failed to attend a counseling session with Sherry young on December 14, 2020 and has failed to make a follow up appointment.

5. **Allegation 5 (special condition):  The defendant shall participate in a program of testing and treatment for drug abuse, under the guidance and direction of the U.S. Probation Office until such time as the defendant is released from the program by the probation officer.  The defendant shall pay any cost associated with treatment and testing.**  It is alleged that Defendant is not participating in the random drug program and has failed to report for drug collections on December 10, 2020, January 4 and 19, 2021, and February 8 and 24, 2021.

6. **Allegation 6 (mandatory condition):  The defendant shall not commit another federal, state, or local crime.**  It is alleged that Defendant was arrested on July 21, 2021 by the Tyler Police Department for reported committing the offense of Fail to Identify a Fugitive, a Class A Misdemeanor and POCS PG 1>=4<200g, a Second-Degree Felony.

7. **Allegation 7 (mandatory condition): The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the Court.** It is alleged that Defendant was arrested on July 21, 2021 by the Tyler Police Department for reported committing the offense of Fail to Identify a Fugitive, a Class A Misdemeanor and POCS PG 1>=4<200g, a Second-Degree Felony.

## *Applicable Law*

According to 18 U.S.C. § 3583(e)(3), the Court may revoke the term of supervised release and require a Defendant to serve in prison all or part of the term of supervised release without credit for the time previously served under supervision, if it finds by a preponderance of the evidence that Defendant violated a term of supervised release. Supervised release shall be revoked upon a finding of a Grade A or B supervised release violation. U.S.S.G. § 7B1.3(a)(1). In the present case, Defendant's original offense of conviction was a Class C felony. Accordingly, the maximum imprisonment sentence that may be imposed is 2 years of imprisonment. 18 U.S.C. § 3583(e).

Under the Sentencing Guidelines, which are non-binding,[1] if the Court finds by a preponderance of the evidence that Defendant violated his conditions of supervised release by possessing methamphetamine or committing the offense of Possession of a Controlled Substance, he is guilty of a Grade B violation. U.S.S.G. § 7B1.1(a). Defendant's original criminal history category was IV. The guidelines provide that Defendant's guideline range for a Grade B violation is 12 to 18 months of imprisonment. If the Court finds by a preponderance of the evidence that Defendant violated his conditions of supervised release by failing to report, using

---

[1] The United States Sentencing Guidelines as applied to revocations of supervised release "have always been non-binding, advisory guides to district courts in supervised release revocation proceedings." *United States v. Brown*, 122 Fed.Appx. 648, 2005 WL 518704, slip op. p.1 (citing *United States v. Davis*, 53 F.3d 638, 642 (5th Cir. 1995)); see also *United States v. Mathena*, 23 F.3d 87 (5th Cir. 1994) (policy statements contained in Chapter 7 of the Sentencing Guidelines applicable to sentencing a defendant upon revocation of supervised release are advisory only.).

methamphetamine, failing to timely notify the probation officer of law enforcement contact, failing to attend counseling or participate in the random drug testing program or committing the offense of failure to identify as alleged in the petition, he is guilty of a Grade C violation. U.S.S.G. § 7B1.1(a). With Defendant's original criminal history category of IV, the guidelines provide that Defendant's guideline range for a Grade C violation is 6 to 12 months of imprisonment.

### *Hearing*

On December 2, 2021, Defendant appeared for a final revocation hearing. Assistant United States Attorney Allen Hurst announced that Defendant and the Government reached an agreement for Defendant to enter a plea of true to Allegation 1 of the petition and to jointly request a sentence of 5 months of imprisonment followed by 2 years of supervised release with a special condition that the first 180 days be served in a halfway house. After the Court explained to Defendant his right to a revocation hearing, he waived his right to a revocation hearing and entered a plea of "true" to Allegation 1 of the petition. Defendant requested a recommendation for designation at FCI Seagoville.

### *Findings and Conclusions*

I find that Defendant is competent and that his plea and waiver of the revocation hearing was knowingly and voluntarily made. I accept Defendant's plea and find by a preponderance of the evidence that Allegation 1 of the petition is true. Defendant is guilty of a Grade C supervised release violation. I further find and conclude that Defendant's term of supervised release should be revoked and that he should be sentenced to 5 months of imprisonment followed by 2 years supervised release, with a special condition that the first 180 days be served in a halfway house. The agreed sentence is below the applicable guideline range but represents an appropriate disposition of this matter. Any criminal history monetary penalties previously ordered in the final

judgment should be imposed in this revocation, with all payments collected credited towards outstanding balances.

## RECOMMENDATION

In light of the foregoing, it is recommended that Defendant's plea of true to Allegation 1 of the petition be **ACCEPTED** and that Defendant's term of supervised release be **REVOKED**. It is further recommended that Defendant be sentenced to 5 months of imprisonment followed by 2 years of supervised release, with a special condition that the first 180 days be served in a halfway house.  Any criminal monetary penalties previously ordered in the final judgment should be imposed in this revocation, with all payments collected credited towards outstanding balances.

Before the conclusion of the hearing, the undersigned announced the foregoing recommendation and notified Defendant of his right to object to this Report and Recommendation and to be present and allocute before being sentenced by the Court.  Defendant waived those rights and executed a written waiver in open court.  The Government also waived its right to object to the Report and Recommendation.  It is therefore recommended that the Court revoke Defendant's supervised release and enter a Judgment and Commitment for him to be sentenced to 5 months of imprisonment followed by 2 years of supervised release, with a special condition that Defendant serve the first 180 days in a halfway house.

So ORDERED and SIGNED this 2nd day of December, 2021.

_____
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE

5